WILLIAM A. RAMSEY *v.* WALLACE P. BROWN ET AL.

1. CONTRACTS. *Construction. Acts of parties.*

Where the parties to a contract, in the course of its performance, by their acts mutually place a construction upon it which does no violence to its terms, such construction will thereafter be adopted by the courts.

2. SAME. *Contracts for services. Entire and severable.*

If an employer, under a contract to pay a certain sum for a season's labor, at the end of the first month make a payment for that month's services, he will not be permitted, when sued for the second month's salary, to defend on the ground that the contract was entire, and that he was not to pay anything until services for the entire season had been rendered.

FROM the circuit court of Jones county.

HON. A. G. MAYERS, Judge.

Ramsey, the appellant, was the plaintiff in the court below; Brown and his partners, members of the firm of W. P. Brown & Co., appellees, were defendants there. The facts are fully stated in the opinion of the court.

*Shannon & Street,* and *Frank Johnston,* for appellant.

Here is a case presented, under which an employe was to

work for an employer under a written contract for a season of eight months for the consideration of $800. This written contract is silent as to how or when this money was to be paid; but under a verbal contract it was shown to be due and payable monthly at the rate of $100. This is clearly the contract, else why did Brown & Company pay the first month's salary, and admit in their letters that the second month's salary was due, and that they did not blame appellant for wanting it, etc. ?

Then when this monthly salary of $100 (to be paid under the verbal contract at the end of each month) was fifteen days past due, we submit that appellees, and not appellant, must be charged with first breaking the contract as a whole.

*Hardy & Howell,* for appellees.

An entire contract for services cannot be apportioned, so as to permit a recovery for a part performance by one who is guilty of a breach of the contract. *Timberlake* v. *Thayer,* 71 Miss., 279, s.c. 24 L. R. A., 231; 2 Parson's on Contracts, 38; 1 Add. on Contract, 633; 2 Sutherland on Damages, sec. 686; *Olmstead* v. *Bach,* 22 L. R. A., 74.

Argued orally by *C. A. Street,* for appellant.

TERRAL, J., delivered the opinion of the court.

W. A. Ramsey, a cotton buyer at Ellisville, Miss., claiming that W. P. Brown & Co., of New Orleans, La., were indebted to him for services as a cotton buyer for one and a half month's wages, and for other sums of money aggregating $196.50, sued them for that sum in attachment, and the case by appeal from the justice court was tried in the circuit court of Jones county. Upon the trial in the circuit court the following was shown to be the written contract between the parties:

"This is to show that W. P. Brown & Co., of New Orleans, have this day employed W. A. Ramsey on the following terms for the cotton season of 1897-8, said season to begin September 1st, 1897, and to last until May 1st, 1898. Said W. P.

Brown & Co. agree to pay said W. A. Ramsey $800 for the season, and they reserve the right to dispense with the service of said W. A. Ramsey at any time they find he is not conducting the business in a proper manner, and in accordance with the instructions he received from them.

"W. P. BROWN & CO.<br>"W. A. RAMSEY."

The plaintiff testified that he duly entered and continued in the service of the defendants until the fifteenth of November, 1897, when, in consequence of the neglect of the defendants to honor his drafts upon them, he quitted their employ, and sued out the attachment in this case; that on the ninth of October defendants paid him one hundred dollars for his September salary or wages, and he also was then paid by them $28.20 for expense account and for hire of a servant for one month; that he did them the best service in his power from the first of September, 1897, to the middle of November, 1897, when he relinquished the job in consequence of the refusal or neglect of the defendants promptly to honor his drafts on them for the cotton bought on their account, and which tended to destroy his business. A jury being waived, the case was tried by the court, and the plaintiff was denied any relief.

Whether the contract was an entire contract, so that the plaintiff was not entitled to anything unless he served the defendants the entire eight months, was determined, we think, by the construction which the parties themselves put upon the contract; the payment to the plaintiff by the defendants of the $100, September wages, on the ninth of October was an expression of the understanding of the parties that the wages should be paid monthly.

The defendants did not resist a recovery because of a set-off arising to them by reason of damages for quitting their service, but rested their defense upon the indivisibility of the contract; and according to the dealing of the defendants with the plaintiff, we think this contention cannot be supported.

The plaintiff, we think, had good ground to demand a month's wages, and something for servant hire, and should have recovered to that extent, according to the evidence before the court.

*Reversed and remanded.*