JOHN F. POWELL *v.* WILLIAM E. RUSSELL.

[41 South. Rep., 5.]

CONTRACTS.   *Construction.   Entirety.   Divisible.   Wages.*

> The courts will construe a contract of employment to be divisible, where such construction does no violence to its terms, and conforms to the acts of the parties under it, and the employe may recover wages for the time served, although he abandoned the service before the end of the term.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Russell, the appellee, was plaintiff in the court below; Powell, the appellant, was defendant there. · From a judgment in plaintiff's favor the defendant appealed to the supreme court.    The contract sued upon is as follows:

"This contract, made and entered into this the first day of August, 1903, by and between John F. Powell, employer, and William E. Russell, employe, witnesseth, that the said John F. Powell employs the said William E. Russell to work for him at Roseneath, Mississippi; said Russell to work under the direction and instructions of said Powell. In consideration of the above stipulated conditions being fully and faithfully carried out, the said Powell agrees to pay said Russell as salary from the date, August 1, 1903, until January 1, 1904, at the rate of $700 (seven hundred dollars) per year, and for the twelve months beginning January 1, 1904, and ending December 31, 1904, the rate of $75 (seventy-five dollars) per month."

In the court below a demurrer was filed to the declaration, the demurrant contending that the contract was indivisible, and that, since the appellee had breached it by leaving the employment of the appellant, as shown by the declaration itself, he thereby for-

feited his right to claim for services performed during a portion of the time. The demurrer was overruled, and, defendant having filed several pleas, the case went to a jury, who found for the plaintiff after deducting certain credits claimed by the defendant.

*Campbell & Campbell,* for appellant.

If the contract is an entire contract, then the learned judge for the court below committed error from the beginning to the end of the record. A contract to work for an entire number of months at a fixed sum per month, is an entire contract and recovery thereon can only be had upon showing full performance of some valid excuse for nonperformance. 34 Century Digest, sec. 91, p. 538, and cases cited.

Nor can "an employe who contracts to render services for a fixed period of time but quits the service before the expiration thereof, without adequate cause or excuse, recover anything for his faithful partial performance of the contract as well where wages are computed by the week or month as where a stated sum is to be paid for the entire service." 34 Century Digest, sec. 94, p. 542, and cases cited.

One who abandons an entire contract, without any cause, cannot recover for partial performance. In support of our position that the contract was an entire one and that appellee, Russell, cannot abandon the contract and sue for wages earned on apportionment of the contract, we cite the following cases: *Gibson Mfg. Co.* v. *Meek,* 71 Miss., 614 (s.c., 15 South. Rep., 789) ; *Timberlake* v. *Thayer,* 71 Miss., 279 (s.c., 14 South. Rep., 446) ; *Williams* v. *Luckett,* 77 Miss., 394 (s.c., 26 South. Rep., 967) ; *Butt* v. *Williams,* 14 South. Rep., 130.

The more we investigate the authorities, the more we are convinced that the contract is one on its face an entire contract, with no time stated when the wages were to be paid, and the presumption is that they were to be paid at the expiration of the contract. In support of these contentions we would refer the court to the

---

following authorities: *McMillan* v. *Vanderlip,* 12 John, 165; *Rear* v. *Moore,* 19 John, 337; *Davis* v. *Maxwell,* 53 Mass., 286; *Koplitz* v. *Powell,* 14 N. W. Rep., 621.

*E. R. Holmes,* for appellee.

A contract to pay for services at the rate of a stipulated sum per year, no time being specified, has been held not a hiring for a year or any definite time, but a general hiring within the rule where there are no facts and circumstances·from which a definite intention may be inferred.   It is but a stipulation of the rate at which the employe is to be compensated for the services performed.   20 Am. & Eng. Ency. Law (2d ed.), 15; *Haney* v. *Caldwell,* 35 Ark., 156; *Orr* v. *Ward,* 73 Ill., 318; *Palmer* v. *Marquette, etc., Co.,* 32 Mich., 274; *Edwards* v. *Seaboard, etc., R. R. Co.,* 121 N. C., 490; *Carthage Wheel Co.* v. *Kelly,* 8 Ohio Dec., 553.

Employment at a stipulated sum per year, payable monthly, is not a contract for a year, but a contract from month to month, terminable at the expiration of a month.   *Rose* v. *Eclipse Carbonating Co.,* 69 Mo. App., 28; *Tucker* v. *Philadelphia, etc., Coal Co.,* 53 Hun., 139; *Pinckney* v. *Talmage,* 32 S. C., 364.

A contract to pay a stipulated sum per year until further notice, or during the year 1893, the salary is not to be reduced in any event is not a contract for a year.   *Fuller* v. *Peninsular White Lead Co.,* 111 Mich., 221.

·A contract for services at a specified rate per year, not specifying any time of employment, is not a contract for a year, but one to pay for services actually rendered at the specified rate, determinable at the will of either party.   42 N. E. Rep., 416.

TRULY, J., delivered the opinion of the court.

It is unnecessary to notice in detail the numerous assignments of error relied upon by the appellant, for the reason that, in our judgment, it is perfectly manifest, from the construction placed upon the contract of employment by the parties themselves, that

they dealt with it as a divisible one. The construction mutually adopted doing no violence to the express terms of the contract, the interpretation placed upon it by the parties will be thereafter sanctioned by the courts. Being a divisible contract, appellee was, of course, entitled to his salary to the date when he left the employment of the appellant. This case is clearly governed by the principles announced by this court in *Ramsey* v. *Brown,* 77 Miss., 124 (25 South. Rep., 151; 78 Am. St. Rep., 520).

As to the several items which appellant now seeks to have deducted from the amount awarded the appellee, it is sufficient to say that as to some of them the jury found the issue of fact against him, and as to others the record fails to show his right to receive credit therefor. The right result was manifestly reached in the court below upon instructions more liberal, and a theory of law more favorable, to the appellant than he was entitled to.

*The judgment is affirmed.*